**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GAROLD RAY MILLER, | |
| *Plaintiff*, | NO. _____ |
| v. | |
| AT&T MOBILITY LLC, | |
| *Defendant*. | FILED ELECTRONICALLY |

## NOTICE OF REMOVAL

Defendant AT&T Mobility LLC ("AT&T Mobility") hereby removes the above-captioned matter from the Court of Common Pleas of Beaver County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.  In support of removal, AT&T Mobility states as follows:

1.      On June 9, 2010, Plaintiff Garold Ray Miller commenced this lawsuit by filing a Complaint in the Court of Common Pleas of Beaver County, Pennsylvania.  The action is styled Garold Ray Miller v. AT&T Mobility, LLC, Case No. 11510 of 2010.  Copies of the Summons and Complaint are attached hereto as **Exhibit A**.

2.      As set forth more fully below, this Court has jurisdiction over this case under 28 U.S.C. § 1332(a) (complete diversity).

**JURISDICTION BASED ON COMPLETE DIVERSITY OF CITIZENSHIP**

3.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), which grants district courts original jurisdiction where: (1) there is complete diversity of citizenship; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a).  As set forth below, both of these requirements are satisfied.

787296.1

4.      **Complete Diversity of Citizenship.**   Plaintiff alleges that he is a citizen of Pennsylvania.   [Compl. (**Ex. A**) ¶ 1.]   AT&T Mobility, which is a limited liability company organized under the laws of Delaware with a principal place of business in Georgia, is not a citizen of Pennsylvania.   [See Decl. of Carolyn J. Wilder ¶ 3, attached hereto as **Exhibit B**.]   For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members.   Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).   AT&T Mobility is a citizen of Delaware, Georgia, and Texas because its five members are citizens of those states:

> (1)   SBC Long Distance, LLC, which is wholly owned by SBC Telecom, Inc., is a Delaware limited liability company with its principal place of business in San Antonio, Texas [Wilder Decl. ¶ 4];
>
> (2)   SBC Alloy Holdings, Inc. is a Delaware corporation with its principal place of business in San Antonio, Texas [id. ¶ 5];
>
> (3)   AT&T Mobility Corporation is a Delaware corporation with its principal place of business in Atlanta, Georgia [id. ¶ 6];
>
> (4)   BellSouth Mobile Data, Inc. is a Georgia corporation with its principal place of business in Atlanta, Georgia [id. ¶ 7]; and
>
> (5)   New BellSouth Cingular Holdings, Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia [id. ¶ 8].

5.      **The Amount in Controversy Exceeds $75,000**.   The amount-in-controversy requirement is satisfied if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."   28 U.S.C. § 1332(a).   AT&T Mobility denies that is liable or that Plaintiff is entitled to any damages in this matter.   Nonetheless, for purposes of removal,

Plaintiff's allegations must be taken as true.  Plaintiff alleges that he seeks "a sum in excess of twenty-five thousand dollars ($25,000), exclusive of interests, costs, and punitive damages and other damages recoverable under the law."  [Compl. (**Ex. A**) p. 3.]  The simple fact that Plaintiff failed to specify an amount of damages greater than $75,000 does not prevent AT&T Mobility from properly removing this case to federal court.  Clearly, Plaintiff has not limited his potential recovery to an amount less than the jurisdictional threshold for removal (i.e. $75,000).  Thus, it cannot be said—to a legal certainty—that Plaintiff will not recover more than $75,000 should he prevail on his claim.  See <u>Frederico v. Home Depot</u>, 507 F.3d 188, 197 (3d Cir. 2007) (noting that "where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," the matter will only be remanded for lack of diversity jurisdiction "if it appears to a legal certainty that the plaintiff **cannot** recover the jurisdictional amount") (emphasis in original); <u>see also</u> <u>Goralski v. Shared Techs., Inc.</u>, Case No. 09-2461, 2009 U.S. Dist. LEXIS 69042, *11 (D.N.J. Aug. 7, 2009) ("Because the complaint in this case does not expressly limit its damages claim to less than the jurisdictional amount … remand is proper if and only if it is clear to a legal certainty that plaintiffs cannot recover more than $75,000.").

6.     Notably, Plaintiff also seeks punitive damages against AT&T Mobility.  [Compl. (**Ex. A**) ¶ 13.]  In evaluating the amount in controversy, courts must consider punitive damages, and a claim for punitive damages generally satisfies the jurisdictional threshold.  <u>Golden v. Golden</u>, 382 F.3d 348, 355 (3d Cir. 2004) ("If appropriately made … a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum.").  And although Plaintiff's Complaint does not specify an amount of punitive damages, Pennsylvania

courts have upheld punitive damage awards several times the amount awarded in compensatory damages (which, in the case at bar, Plaintiff claims to be in excess of $25,000). See Kirkbride v. Lisbon Contractors Inc., 555 A.2d 800, 803 (Pa. 1989) (upholding a jury award of punitive damages ten times the amount of compensatory damages and stating that punitive damages need not bear a reasonable relationship to actual damages awarded in a case); see also Sprague v. Walter, 656 A.2d 890, 925 (Pa. Super 1995) (stating that "our Supreme Court has ruled that a mathematical proportionality requirement between punitive and compensatory damages would actually defeat the purpose of punitive damages, which is to punish tort-feasors for outrageous conduct and deter them and others from similar conduct"). Again, while it is AT&T Mobility's position that no damages, compensatory or punitive, should or will be awarded in this case, for purposes of analyzing the amount in controversy, the Court also should consider Plaintiff's claim for punitive damages. Therefore, Plaintiff's claims, accepted as true for purposes of this Notice, firmly establish that the $75,000 amount-in-controversy requirement is satisfied for jurisdiction under 28 U.S.C. § 1332(a).

## PROCEDURAL STATEMENT

7.      Pursuant to 28 U.S.C. § 1446(a), and as noted above, copies of the Summonses and Complaint received by Defendants are attached hereto as **Exhibit A**.

8.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within thirty days of receipt of the Complaint. AT&T Mobility received the Complaint and Summons via its registered agent for service of process on July 7, 2010.

9.      Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal in the Court of Common Pleas for Beaver County, Pennsylvania, and give written notice of the removal of this action to counsel for Plaintiff.

10.     Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Western District of Pennsylvania is proper because that District and Division embrace the Court of Common Pleas for Beaver County, Pennsylvania, the place where this action was originally filed.

11.     By removing the action to this Court, AT&T Mobility does not waive any defenses, objections, or motions available to it under state or federal law.  Without limiting the foregoing, AT&T Mobility expressly reserves the right to move to compel arbitration of Plaintiff's Complaint pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16.

WHEREFORE, AT&T Mobility respectfully removes this action from the Court of Common Pleas for Beaver County, Pennsylvania, to this Court.

Respectfully submitted,

RHOADS & SINON LLP

By:     /s/ *John R. Martin*
        John R. Martin
        jmartin@rhoads-sinon.com
        Attorney ID No. 204125 (PA)
        Rhoads & Sinon LLP
        One South Market Square
        P.O. Box 1146
        Harrisburg, PA  17108-1146
        (717) 233-5731

        *Attorneys for Defendant AT&T Mobility LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 27, 2010, a true and correct copy of the foregoing "Notice of

Removal" was served upon the following via first class U.S. Mail:

Gianni Floro, Esquire
935 Beaver Grade Road, Suite 6
Moon Township, PA  15108
*Attorney for Plaintiff*

Court Administrator
Beaver County Courthouse
810 3rd Street
Beaver, PA  15009

/s/ *John R. Martin*